IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| J&M PLASTICS INC., Individually and on Behalf of all Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:21-cv-00206-JRG-RSP |
| MIDAMERICAN ENERGY SERVICES, LLC, | § § § § | |
| *Defendant*. | § § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Transfer Venue[1] filed by MidAmerican. Dkt. No. 4. In its motion, MidAmerican seeks to transfer this case from the Marshall Division to the Sherman Division of the Eastern District of Texas under 28 U.S.C. § 1404. *Id.* at 3. The Court held a hearing on the motion on February 24, 2022. Dkt. No. 53. Having considered the briefing and arguments made at the hearing, the Court **DENIES** the motion for the following reasons.

**I.      Background**

On June 8, 2021, J&M filed this lawsuit against MidAmerican "based on MidAmerican's improper and excessive charges associated with Winter Storm Uri that took place in February of 2021." Dkt. No. 21 at 1 (citing Dkt. No. 1). J&M is "incorporated in Texas with its principal place of business located at 1121 Industrial Drive, Royse City, Collin County, Texas 75189." Dkt. No. 8 at ¶ 5. MidAmerican "is a Delaware limited liability company with its principal place of business located at 666 Grand Avenue, Des Moines, Iowa 50309." *Id.* at ¶ 6.

---

[1] Although Defendant MidAmerican Energy Services, LLC originally filed this as a motion to dismiss and, in the alternate, transfer, MidAmerican has since filed a new motion to dismiss (Dkt. No. 30). In MidAmerican's later-filed motion to dismiss, MidAmerican refers to this motion as its "motion to transfer venue." Dkt. No. 30 at 6. Therefore, the Court find that only arguments concerning transfer under 28 U.S.C. §1404 remain pending in this motion.

1

J&M alleges that it entered into a contract with MidAmerican for electricity at a "Fixed Price" and that MidAmerican breached that contract when MidAmerican charged J&M additional "Supplemental Ancillary Services" charges related to its electricity use during Winter Storm Uri. Dkt. No. 8 at ¶¶ 13-14, 28-29, 57-59. Based on this conduct, J&M asserts claims against MidAmerican for breach of contract, negligent misrepresentation, negligence, violation of the DTPA, fraud, and fraudulent inducement. *Id.* ¶¶ 56– 113.

II.     **Legal Standard**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, the Court must first consider "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*per curiam*) (hereinafter "*Volkswagen I*").

"The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). A motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," based on: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of

unnecessary problems of conflict of laws [or in] the application of foreign law". *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter "*Volkswagen II*").

"To prevail on a motion to transfer under § 1404(a), the movant must show that transfer is 'clearly more convenient' than the venue chosen by the plaintiff." *Garrett v. Hanson*, 429 F.Supp.3d 311, 317 (E.D. Tex. 2019) (citing *Volkswagen II*, 545 F.3d at 315). "Absent such a showing, the plaintiff's choice of venue is to be respected." *Garrett*, 429 F.Supp.3d at 317.

### III. Analysis

As a threshold matter, the parties agree that this suit could have been brought in the Sherman Division. Dkt. No. 4 at 19; Dkt. No. 21 at 2-3. Turning to weighing the factors, the parties agree that factors 5, 7, and 8 are neutral. Dkt. No. 4 at 20; Dkt. No. 21 at 9. Therefore, the Court will address the remaining factors.

#### a. Relative ease of access to sources of proof

Under the first factor, the Court focuses on "the relative ease of access to sources of proof." *Radmax*, 720 F.3d at 288. MidAmerican argues that all "relevant documents and witnesses will come from J&M Plastics's office in Royse City, Texas, which is located in the Sherman Division." Dkt. No. 4 at 20. However, J&M considers Marshall equally convenient for its witnesses and documents as is Sherman. The only documents MidAmerican cites to support its argument are the documents J&M attached to its complaint, which was filed in the Marshall Division. Dkt. No. 4 at 20-21. Additionally, MidAmerican argues that no MidAmerican employees are based in Marshall (which also appears true of Sherman) and MidAmerican has no customers with a service or billing address of Marshall. Dkt. No. 4 at 21 (citing *Market Areas*, MIDAMERICAN, https://www.midamericanenergyservices.com/About MidAmerican/MarketAreas). Finally, MidAmerican argues that *Plaintiff's* "office is 50 miles from the Plano Courthouse for the Sherman

3

Division, while it is 142 miles from the Marshall Courthouse for the Marshall Division." Dkt. No. 4 at 21. Of course, cases in the Sherman Division are divided equally between Plano and Sherman, so there is no assurance the case would be handled at the Plano courthouse.

J&M responds by pointing to the fact that "other than citing to invoices, which were attached to Plaintiffs' complaint, MidAmerican has not identified with any particularity evidence that is located in the Sherman Division . . . ." Dkt. No. 21 at 5. Additionally, J&M argues that transferring electronic documents is less burdensome and therefore cuts against weighing this factor in favor of transfer. *Id.* The vast bulk of the relevant documents and witnesses will clearly come from MidAmerican's offices in Iowa, which are at least as convenient to Marshall as Sherman.

The Court finds that this factor is neutral because MidAmerican has failed to identify any *MidAmerican* documents or witnesses that show the Sherman Division is more convenient. At bottom, MidAmerican is arguing that the Sherman Division is more convenient for MidAmerican based solely on the ease of access to its opponent's potential documents or witnesses, as opposed to its own or those of identified third parties. Because MidAmerican cites no authority to support this argument, the Court declines to find the Sherman Division is more convenient for MidAmerican based the location of J&M's documents and witnesses.

### b. The availability of compulsory process to secure the attendance of witnesses

Next, a court considers whether compulsory process is available to both courts. *Radmax*, 720 F.3d at 288. If all of the likely witnesses are within the subpoena power of both courts, this factor is neutral. *Id.* MidAmerican argues that "many of the witnesses necessary to a complete resolution of the claim reside outside the [Marshall Division's] subpoena power. Dkt. No. 4 at 22.

4

MidAmerican further argues that any employees of J&M that would not qualify as "parties" would be within 100 miles of the Sherman Division, not the Marshall Division. *Id.*

In response, J&M highlights that MidAmerican does not identify a single non-party witness who will be required to appear in person at trial that resides more than 100 miles from the Marshall Courthouse, but within 100 miles of the Sherman or Plano Courthouses." Dkt. No. 21 at 6. Furthermore, MidAmerican does not identify any individuals it seeks to subpoena who would not be officers, directors, or managing agents of J&M Plastics, and thus, treated as available for the purposes Fed. R. Civ. P. 45. *Id.* Finally, as MidAmerican is incorporated in Delaware and headquartered in Iowa, the Marshall and Sherman Divisions would have equal subpoena power over any of MidAmerican's non-party witnesses. *Id.* Finally, under Rule 45(c)(1)(B)(ii) both courts have the power to compel attendance at trial of any relevant witnesses within either division.

Again, the Court finds that this factor is neutral. MidAmerican has not identified any individuals who would not be within the subpoena power of either court. Because the Court cannot weigh the factor for or against transfer, it is neutral.

### c.  The cost of attendance for willing witnesses

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. "Indeed, the en banc court reiterated that guidance and characterized it as a 100–mile 'threshold' or 'rule.'" *Radmax*, 720 F.3d at 289 (citing *Volkswagen II*, 545 F.3d at 317). Furthermore, even transfers within 100 miles impose costs, but "this factor has greater significance when the distance is greater than 100 miles." *Radmax*, 720 F.3d at 289.

Instead of identifying specific witnesses so that the Court can weigh the cost of attending trial, MidAmerican relies on case law and generalities to argue that this factor weighs in favor of transfer. Dkt. No. 4 at 22. For case law, MidAmerican relies primarily on this Court's decision in *Potter v. Cardinal Health 200, LLC*, Case No. 2:19-cv-00007-JRG, 2019 WL 2150923, at *4 (E.D. Tex. May 16, 2019). In response, J&M again points to MidAmerican's failure to identify any witnesses who would have to travel for trial. Dkt. No. 21 at 7,

Like the last two factors, the Court finds this factor neutral. First, *Potter* is distinguishable from this case because the parties in *Potter* both identified specific witnesses for the Court to determine whether transfer would increase the cost of attendance. *Id.* at *4. Second, and as stated above, the Court cannot weigh this factor for or against transfer without any analysis of relevant witnesses. Therefore, this factor is neutral.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

Under this factor, the court takes account of any delay that may result of the transfer. *Radmax*, 720 F.3d at 289. Thus, if a transfer will result in delay for all parties, this factor weighs against transfer, especially if the transfer of a case would further extend already protracted litigation. *Id*. However, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *Id.*

Beyond MidAmerican's irrelevant arguments concerning convenience for its counsel, Dkt. No. 4 at 23, MidAmerican argues that "none of the potential consumers resides within the Marshall Division, since MidAmerican does not do business there" and that "no prejudice to either [party] will result [due to transfer] since the case is in its earliest stages . . . ." *Id.*

The Court finds this factor is neutral as well. As this is a potential class action, there could be customers of MidAmerican who own businesses or homes in MidAmerican's coverage area but

6

reside in the Marshall Division. At the hearing, MidAmerican conceded that this could be the case, thus undercutting its argument that "none of the potential consumers reside" in the Marshall Division. Additionally, the Court is aware that the Sherman Division is currently facing longer delays to trial due to its heavy criminal and civil dockets. Therefore, the Court finds this factor weighs against transfer.

### e.  The local interest in having localized interests decided at home

This factor weighs in favor of transfer if the suit has no relevant factual connection to the transferor forum. *Volkswagen II*, 545 F.3d at 317-18. Furthermore, the plaintiff's choice in forum receives less deference for intra-district transfers. *Radmax*, 720 F.3d at 289.

MidAmerican argues that the dispute between the parties has a greater connection to residents of the Sherman Division. The Court finds that this factor does weigh in favor of transfer. Although this is a putative class action and potential class members could reside in the Marshall Division, the Court finds that this factor weighs in favor of transfer.

## IV.  Conclusion

Overall, the Court finds that most of the factors are neutral, with one factor weighing in favor of transfer and one weighing against. Thus, the majority of factors are neutral and the Court finds that the Sherman Division is not "clearly more convenient" than the Marshall Division. The motion to transfer is therefore **DENIED**.

**SIGNED this 15th day of March, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE